# Pennsylvania Mining Company *v.* Thomas, Appellant.

*Equity—Specific performance—Modification of agreement.*

On a bill in equity for specific performance of an agreement for the sale of land, where it appears that the bill was based upon an original agreement, and a subsequent agreement indorsed on the back of the original, signed by counsel for the plaintiff, and modifying the original in two points favorable to the defendant, the latter cannot be heard to aver that the agreement was indefinite as to parties, because neither the plaintiff nor any other vendee was named in the indorsement, or that it was not mutually binding, because the plaintiff had not signed the indorsement.

Unless a contract is very clear to that effect, the court will not presume

that a purchaser who stipulates for an abstract of title clear of incumbrances, is to pay the purchase money before he examines the abstract.

Where an assignee of a vendee under an agreement for the sale of land tenders the purchase money and demands the deed, and the vendor at the time does not object that the assignee gives no notice of his right or title as assignee of the vendee named in the agreement, the vendor cannot thereafter object.

Argued Oct. 21, 1902. Appeal, No. 133, Oct. T., 1902, by defendant, from decree of C. P. Washington Co., No. 1190, in equity, for specific performance, in case of Pennsylvania Mining Company v. Liverton Thomas. Before McCOLLUM, C. J., MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Bill in equity for specific performance. Before McILVANE, P J.

The facts appear in the opinion of the Supreme Court.

The court entered a decree of specific performance.

*Error assigned* was the decree of the court.

*John C. Bane* and *R. W. Irwin,* for appellant.—No vendee or grantee being named in the second agreement, it is uncertain and indefinite as to the parties to it: Pomeroy on Specific Performance, secs. 88–147 ; Champion v. Plummer, 5 Esp. 240 ; Warner v. Willington, 3 Drewry, 523 ; Osborn v. Phelps, 19 Conn. 63 ; Sherburne v. Shaw, 1 N. H. 157 ; Shipman v. Campbell, 79 Mich. 82 (44 N. W. Repr. 171).

The contract was not mutually binding and enforceable by both parties ; the plaintiff company was not named in it, did not execute it, and there is no averment that A. M. Neeper, Esq., had authority to bind the plaintiff company by such a contract: Bodine v. Glading, 21 Pa. 50 ; Meason v. Kaine, 63 Pa. 335 ; Ballou v. March, 133 Pa. 64 ; Hammer v. McEldowney, 46 Pa. 334 ; Waterman on Specific Performance, sec. 196 ; Winter v. Trainer, 151 Ill. 191 (37 N. E. Repr. 869).

*J. W. Donnan,* with him *A. Donnan, John G. MacConnell* and *A. M. Neeper,* for appellee.

OPINION BY MR JUSTICE MITCHELL, January 5, 1903 :

The material facts admitted by the demurrer, and found by

the learned judge, were as follows : appellant being the owner of land sold an option to purchase a vein of coal therein, to one J. M. Thomas, by written agreement describing the land and the terms of the sale fully and explicitly.   On November 30, 1899, the day before the expiration of the option, J. M. Thomas notified appellant of his acceptance and election to purchase. On December 27, J. M. Thomas assigned his right to plaintiff, and on the next day appellant signed an agreement, indorsed on the original contract of option, changing the latter in two points favorable to him, viz : that the purchase money was to be payable presently in full instead of in three annual payments, and appellant was to receive $20.00 as part of the cost of the abstract of title which the original contract bound him to furnish.   Appellant on his part agreed to execute a deed within ten days after delivery of the abstract to the plaintiff's counsel. The bill charged that this contract was made with the plaintiff, which in April, 1901, notified appellant to furnish the abstract of title.   This appellant failed to do, and in July, 1901, plaintiff tendered the purchase money, the $20.00 on account of the abstract, and a deed for execution.   Appellant refused to carry out the agreement, and this bill was filed in September, 1901. The court decreed performance.

The chief defense set up by the appellant is that the bill is founded on the second contract made December 28, 1899, and that this will not support a decree for specific performance, because neither the plaintiff nor any other vendee is named in it, and it is therefore indefinite as to parties, and plaintiff did not sign it, and therefore it is not mutually binding.   This argument is well answered by the opinion of the court below that it " entirely ignores the fact that the agreement signed by defendant on December 28, 1899, was written on the back of the original agreement (quoting the latter) . . . . It also ignores the fact that an assignment of the rights of J. M. Thomas under this original agreement was made to the Pennsylvania Mining Company, plaintiff, after he had elected to purchase under his option, the election to purchase and assignment being in writing (quoting them). . . . " The averments of the plaintiff's bill clearly show that its claim for specific performance is based upon the original agreement dated May 26, 1899, as modified by the agreement of date, December 28, 1899 ; and taking these

two agreements together, there can be no doubt as to the parties to the contract or as to its mutuality.    J. M. Thomas, his heirs and assigns, are named as the parties who shall "have the exclusive right to purchase said coal," and the plaintiff company is, under the averments of the bill which are confessed and found to be true, a party to the contract under the descriptive word "assigns."

" The agreement entered into by A. M. Neeper, Esq., the general counsel of the plaintiff company, and the defendant on December 28, 1899, was not an agreement which vested in the company an equitable title to the coal in question, that had vested already under the terms of the original agreement and the acceptance and assignment of Thomas, but it was an agreement modifying to some extent the manner in which the original agreement, which was executory, should be executed.    Mr. Neeper, as general counsel of the plaintiff, had the original contract in his possession, and it was in the line of his duty to supervise the execution of this executory contract.    At all events if it was not, it would in no way affect the plaintiff's rights to a decree of specific performance under the original agreement, its acceptance and assignment, which are all admitted and found to be binding upon the defendants."

The other objections are manifestly only afterthoughts to excuse a plain breach of contract.    It is said that no tender of the $20.00, for half the expense, was made when the abstract of title was demanded, and that while by the original agreement appellant was to furnish the abstract at his own expense, it was not made a condition precedent to the payment of the purchase money.    But it was so in the nature of things.    It would require a very clear contract to that effect to justify a construction that a purchaser who stipulates for an abstract of title, clear of incumbrances, is to pay the purchase money before he examines the abstract.

It is further said that plaintiff was dilatory in the assertion of its rights and should be barred for laches.    The court found that the plaintiff had at all times been ready, anxious and willing to perform its part of the contract, and we see nothing to indicate that it was more than indulgent to the appellant in modifying the original contract in a manner favorable to him,

and in failure to resort to the court until after repeated efforts to get an amicable settlement.

Lastly it is said that plaintiff did not give defendant notice of its right or title as assignee of J. M. Thomas at the time it made demand for the abstract, or tender of the purchase money and the deed for execution. It would be sufficient answer that no objection or question on that account was made at the time by the defendant. But in fact no such notice was required as he had full knowledge of the fact as long ago as December, 1899, when he accepted the favorable modification of the original agreement by the counsel of the plaintiff company.

Decree affirmed with costs.